<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

GARRETT FISHER, :
: Civ. No. 22-7006 (RMB)
        Petitioner :
:
v. : **OPINION**
:
WARDEN STEVIE KNIGHT, :
:
        Respondent :

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

      Petitioner Garrett Fisher ("Petitioner") a prisoner incarcerated in the Federal Correctional Facility in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's statutory interpretation of a provision of the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(D)(xxii) ("Subsection xxii"). (Pet., Dkt. No. 1.) Petitioner also filed a motion to consolidate his petition with that of another prisoner in FCI Fort Dix, Nyron Nichols. *See Nichols v. Knight*, Civil Action No. 22-5808 (RBK). Respondent filed an answer in opposition to the petition. (Answer, Dkt. No. 6.) Subsequently, Petitioner filed a motion to stay the petition, pending the Supreme Court's decision in *Lopez Bright Enterprises v. Raimondo*, 22-452, where it is expected the Court will decide whether to overturn *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 840 (1984), which requires deference to an administrative agency's reasonable interpretation of an ambiguous statute. For the reasons

discussed below, the Court will deny the motions to consolidate and stay this matter, and deny the petition.

## I.     THE PETITION

Petitioner challenges the Bureau of Prison's ("BOP") determination that he is ineligible to receive time credits under the FSA because he is serving a sentence for a conviction under 18 U.S.C. § 924(c).  (Pet., Dkt. No. 1.)  Petitioner exhausted his administrative remedies for this claim through the BOP's administrative remedy program.  (Pet., Dkt. No. 1-3 at 3.)  Petitioner contends Subsection xxii only renders prisoners ineligible to earn time credits if convicted under § 924(c) for possession of a firearm "during and in relation to" the predicate crime.  Petitioner was convicted of possession of a firearm "in furtherance of" a predicate crime.  *Id.* For relief, Petitioner seeks application of earned time credits under the FSA for the remainder of his sentence.  (Pet., Dkt. No. 1.)

Petitioner relies on the history of § 924(c).  Prior to the Supreme Court decision in *United States v. Bailey*, 516 U.S. 137 (1995), the statute contained two methods for violating the law, to "use" or to "carry" a firearm during and in relation to a predicate offense.  The Court did not address the meaning of "carry" but held that possession of a firearm constituted "use."  (*Id.* at 5.)  In 1998, the Supreme Court addressed the meaning of "carry", under § 924(c); carrying a firearm was temporally limited to "during the commission of the predicate offense."  (*Id.* at 6, citing *Muscarello v. United States*, 524 U.S. 125 (1998)).  Petitioner claims the "carry"

provision of § 924(c) is what Congress referred to under Subsection xxii.  (Pet., Dkt. No. 1-1 at 6-7.)

In 1998, Congress amended § 924(c) to render it illegal to possess a firearm "in furtherance of" the predicate offense.  According to Petitioner, when Congress enacted Subsection xxii of the FSA, it intended to exclude only those prisoners who were convicted under the earlier provision of § 924(c), and Congress did this by excluding the "in furtherance of" language from § 924(c).  (Pet., Dkt. No. 1-1 at 7-8.)  Because the language Congress used in Subsection xxii does not track the language in § 924(c), Petitioner contends Congress

> intended only to exclude defendants [from FSA time credits] who are most likely to commit a violent act by requiring that they are aware of their prohibition by law from carrying a firearm, or using a firearm (brandishing, discharging etc.) during (a temporal connection) and in relation to (substantive connection) a predicate crime.

(*Id.* at 12.)  Petitioner submits that he is not included within this definition because he was not convicted of possession "during and in relation to" a predicate offense. (*Id.*)

Petitioner contends that his interpretation of Subsection xxii is consistent with the fact that under § 3632(d)(4)(D), Congress carved out certain offenses from divisible statutes.  (Pet., Dkt. No. 1-1 at 13.)  Thus, if Congress had intended to include convictions for possession "in furtherance of" a predicate crime under § 924(c), Congress could simply have included the language.  Petitioner submits that the statute is unambiguous, and no deference is owed to the BOP's interpretation of

the statute.  (*Id.* at 16-18.)

## II.    THE ANSWER

Respondent opposes habeas relief, based on the plain language of the statute and principles of statutory construction.  (Answer, Dkt. No. 6.)   Petitioner is a prisoner at FCI Fort Dix, serving a sentence upon his guilty plea to a violation of 21 U.S.C. § 846, for Conspiracy to Distribute 28 Grams or More of Cocaine Base, and a violation of 18 U.S.C. § 924(c)(1)(A), for Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  *United States v. Fisher*, 1:17-CR-342-02 (M.D. Pa.), ECF Nos. 218 (plea agreement), 311 (criminal judgment).[1]  (*Id.* at 4.)   Under the FSA, an inmate may earn time credits by successfully completing BOP-approved programs addressing the particular needs assigned to that inmate.  (*Id.* at 6, citing 18 U.S.C. § 3632(d)(4)(A)).   Time credits may be applied to early supervised release to shorten a term of federal incarceration by a maximum of 12 months.  (*Id.*, citing § 3632(g)(3)).   However, Congress excluded categories of prisoners eligible for this benefit, based on their offenses of conviction.  (*Id.*, citing § 3632(d)(4)(D)).   Ineligible inmates include those convicted under "Section 924(c), relating to *unlawful possession or use of a firearm during and in relation to any* crime of violence or drug trafficking crime."  (*Id.*, citing § 3623(d)(4)(D)(xxii) (emphasis in Answer).   Under § 924(c)(1)(A), enhanced penalties are provided where

> any person who, *during and in relation to any crime of violence or drug trafficking crime* (including a crime of violence or

---

[1] Available at www.pacer.gov.

> drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm* . . . .

(*Id.* at 10) (emphasis in Answer). Respondent contends the language in Subsection xxii, "possession or use" plainly corresponds to the language in § 924(c) concerning convictions for one who "possesses" or, separately, for one who "uses or carries" a firearm. (*Id.*)

Respondent acknowledges that Congress did not repeat the language of § 924(c) verbatim, but the canons of statutory construction lead to Congress's intent to encompass all § 924(c) convictions within Subsection xxii, by including the word "possession." (Answer, Dkt. No. 6 at 12-13.) Petitioner's reading of the statute would render Congress's inclusion of the word "possession" superfluous. (*Id.* at 13.) The word "possession" was used to refer to the crime of "possession in furtherance of" and the phrase "use during and in relation to" refers to another manner of violating § 924(c).

Next, Respondent argues that, as a matter of statutory construction, Subsection xxii and § 924(c) should be read in harmony. (Answer, Dkt. No. 6 at 14-15.) Congress amended § 924(c) because it had been interpreted as criminalizing only the use or carrying a firearm during and in relation to the predicate crime, and excluded possession of a firearm in furtherance of a predicate crime. The addition of "possession" would be meaningless without "in furtherance of." The words "in

5

furtherance of" impose a higher standard than "use during and in relation to," Respondent maintains it does not make sense for Congress to exclude from Subsection xxii those prisoners whose convictions for possessing a firearm required a higher standard of proof connecting the firearm to the predicate offense.  (*Id.* at 15, n. 2.)

Respondent further relies on the rule of statutory construction "'that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Util. Air Regul. Group v. EPA*, 573 U.S. 302, 320 (2014) (Answer, Dkt. No. 6 at 16, quoting F*DA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)).  Respondent points to specific qualifications Congress made under § 3632(d)(4)(D).  (Answer, Dkt. No. 6 at 16-17.)  One of the many examples includes Subsection xvii, which renders an inmate ineligible for FSA time credits if convicted under "[a]ny section of chapter 39, relating to explosives and other dangerous articles, except for section 836 (relating to the transportation of fireworks into a State prohibiting sale or use)."

Along the same lines, Respondents note Congress specified under § 3632(d)(4)(D) when the BOP should look to the sentencing court's findings to determine whether the conduct of conviction falls within an exclusion  (*Id.* at 18-19.)  For example, Subsection lxv excludes prisoners convicted under 21 U.S.C. § 841(b)(1) or 21 U.S.C. § 960(b) "if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined

under the guidelines promulgated by the United States Sentencing Commission." Thus, Respondent argues it should be presumed that Congress intentionally chose not to include similar language when referencing § 924(c) because Congress intended to exclude all prisoners with any 924(c) conviction. (*Id.* at 19.) Finally, Respondent contends that even if the Court finds the statute ambiguous and undiscernible using tools of statutory construction, the Court should give deference to the BOP's reasonable interpretation of the statute. (*Id.* at 19-22.)

### III. PETITIONER'S REPLY BRIEF

In reply to Respondent's answer, Petitioner adopted the reply brief filed in a nearly identical case, *Rodriguez v. Knight*, 22-6360 (KMW) (D.N.J., Dkt. No. 7).[2] Thus, Petitioner contends the Court should reject Respondent's argument because Respondent has not addressed the use of the word "unlawful" where Subsection xxii states, "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *Id.*, (Dkt. No. 7 at 2.) Petitioner, however, does not suggest how use of the word "unlawful" changes the interpretation of the statute.

Petitioner then attacks as unreasonable BOP Program Statement 5410.01,[3] "First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)." *Id.*, (Dkt. No. 7 at 3-8.) For the reasons discussed below, the Court

---

[2] Available at www.pacer.gov.
[3] Available at www.BOP.gov.

7

need not reach the question of whether the BOP's interpretation of the statute in Program Statement 5410.01 was reasonable, because the language of the statute, considered in light of the statutory framework, unambiguously reveals Congress's intent to exclude prisoners with any § 924(c) conviction from eligibility for FSA time credits.

## IV.   DISCUSSION

Petitioner asserts jurisdiction under 28 U.S.C. § 2241, which applies "where a prisoner alleges "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   Petitioner challenges the BOP's statutory construction of the First Step Act ("FSA") 18 U.S.C. § 3632(d)(4)(D)(xxii), a determination that excludes him from earning credit toward early release, thus, a shorter duration of confinement.

### A.   Standard of Law

As a fundamental canon of statutory construction, courts must interpret the words of a statute consistent with the ordinary meaning of the words at the time of enactment.   *Travers v. Fed. Express Corp.*, 8 F.4th 198, 200 (3d Cir. 2021) (citing *Wis. Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2070, 2074 (2018) (citation omitted)). This inquiry revolves around the text, but the text must be viewed in context of the overall statutory scheme.   *Id.* (citing *Drilling Mgmt. Servs. v. Newton*, 139 S. Ct. 1881, 1888 (2019) (citation omitted)).   Courts determine the best ordinary reading of a statute by considering tools of statutory construction including the statute's text,

structure, history and precedent.  *Id.* (citing *United States v. Smukler*, 991 F.3d 472, 483 (3d Cir. 2021)).

    **B.**    **Ordinary Meaning of Subsection xxii**

Statutory construction begins with the words of the statute.   When Congress enacted the FSA in December 2018, it directed that

> … the Attorney General in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system (referred to in this subchapter as the "System")[.]

18 U.S.C. § 3632(a).   Under § 3632(d), evidence based recidivism reduction program incentives and productive activities rewards "--The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows…,"

> (4) Time credits.—
>
> (A) In general.--A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-

> based recidivism reduction programming or productive activities.
>
> . . .
>
> (D) Ineligible prisoners.--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> . . .
>
> (xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

Using the ordinary meaning of the words in Subsection xxii, a prisoner may not receive FSA time credits if he is serving a sentence for a conviction under any of the following "provisions of law." Use of the phrase "provisions of law" rather than the words "laws" or "statutes" may suggest that certain crimes may be carved out from statutes that define more than one crime. As the parties recognize, § 924(c) can be violated in more than one manner. *See, e.g.*, *United States v. Williams*, 344 F.3d 365, 370 (3d Cir. 2003).

Next, the Court considers the ordinary meaning of the words "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." Reference must be made to § 924(c) to determine if it defines any crime that is not "related to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" and, thus, excluded from Subsection xxii. Section 924(c)(1)(A) provides enhanced penalties, except where a greater minimum sentence is provided elsewhere, for:

> any person who, during and in relation to any crime of

10

> violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]

Under § 924(c), possession of a firearm is only unlawful if it is possessed "in furtherance of any such crime [crime of violence or drug trafficking]." Therefore, the plain meaning of Subsection xxii, "relating to unlawful possession under § 924(c)" means possession of a firearm in furtherance of a drug trafficking crime or crime of violence. *See Eubanks v. Segal*, No. 23-CV-1245 (ECT/JFD), 2023 WL 4409921, at *1 (D. Minn. May 19, 2023), report and recommendation adopted, No. 23-CV-1245 (ECT/JFD), 2023 WL 4407494 (D. Minn. July 7, 2023) ("the FSA states in plain terms that persons who are in prison because they violated § 924(c) are ineligible to receive time credits.")

The principles of statutory construction confirm this ordinary meaning of the text. First, in the surrounding text, Congress defines each conviction that renders a prisoner ineligible by citing the statute and summarizing the substance of the statute, beginning with the phrase "relating to." In a few subsections, Congress carves out a section of a statute by use of words "except", "but only if"[4] or "if the sentencing

---

[4] *See, e.g.*, Subsection lvii: "Section 60123(b) of title 49, relating to damaging or destroying a pipeline facility, *but only if* the conduct which led to the conviction involved a substantial risk of death or serious bodily injury." (emphasis added).

court finds that ….."[5]   For example, under Subsection xxvi, prisoners are ineligible for FSA time credits if they have convictions under "Any section of chapter 55, relating to kidnapping," but in Subsection xxvii, prisoners are ineligible if convicted of "Any offense under chapter 77, relating to peonage, slavery, and trafficking in persons, *except for* sections 1593 through 1596" (emphasis added), and in Subsection lvii, prisoners are ineligible if convicted under "Section 60123(b) of title 49, relating to damaging or destroying a pipeline facility, *but only if* the conduct which led to the conviction involved a substantial risk of death or serious bodily injury" (emphasis added).   In this way, Petitioner's interpretation of the statute is not consistent with the overall statutory framework.   The BOP's interpretation that Petitioner is ineligible for FSA time credits because he is serving a sentence for a § 924(c) conviction is consistent with the plain meaning of Subsection xxii and the overall statutory framework.

## IV.  CONCLUSION

The Court will deny Petitioner's motion to consolidate his case with *Nichols v. Knight*, Civil Action No. 22-5808 (RBK), 2023 WL 8751265 (Dec. 18, 2023), where the court recently held Subsection xxii, by its plain meaning, encompasses all convictions under § 924(c).

---

[5] *See, e.g.*, Section (lxvii) "Subparagraph (A)(viii) or (B)(viii) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(H) or (2)(H) of section 1010(b) the Controlled Substances Import and Export Act (21 U.S.C. 960(b)) relating to … "if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission."

Furthermore, the Court will deny Petitioner's motion to stay because the *Chevron* analysis is not required to determine the merits of the habeas petition.   For the reasons set forth above, the Court will deny the habeas petition.

**Dated:   December 21, 2023**

                                                                                          s/Renée Marie Bumb
                                                                                          RENÉE MARIE BUMB
                                                                                          Chief United States District Judge